its own officers whether or not conditions have arisen which entitled a beneficiary under one of its policies to benefits so as to prevent that beneficiary from applying to the court for relief in case of the neglect or refusal by the society to determine his rights or to pay his claim. The demurrers to the special pleas were, in our opinion, properly sustained.''

In the last case the court also held: ''One of the objects of the certificate is plainly to insure benefits to the beneficiary in the event of his total and permanent disability and it is reasonable to assume that this is one of the reasons why the beneficiary takes out his certificate and pays his dues and assessments, but the provision of the constitution above referred to, deprives him, except in certain limited cases, of those benefits. That the interpretation sought to be given the certificate and constitution, by appellant, is unjust and unfair to the beneficiary, is obvious and, as it appears to us, cannot be sustained under the holdings of our courts of appellate jurisdiction.'' To this we fully agree.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*

---

## B. A. Stewart, Appellee, v. Chicago, Bloomington & Decatur Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

### Statement of the Case.

Action by B. A. Stewart against the Chicago, Bloomington & Decatur Railway Company to recover the

value of a horse killed by one of defendant's cars upon its right of way. The declaration charged that it was the duty of defendant to keep and maintain suitable and sufficient cattle guards to prevent animals from going upon the right of way, and that it negligently failed to keep and maintain such suitable and sufficient cattle guards, as provided by statute, at the point where plaintiff's horse passed over and upon the right of way. The jury returned a verdict in favor of plaintiff for two hundred and fifty dollars, and also allowed attorney's fees to the amount of twenty-five dollars. To reverse the judgment entered on the verdict, defendant appeals.

This case was before the Appellate Court on a former appeal in 180 Ill. App. 608.

LIVINGSTON & BACH, for appellant; SIGMUND LIVINGSTON, of counsel.

N. W. BRANDICAN, for appellee; WELTY, STERLING & WHITMORE, of counsel.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 298*—*when evidence shows insufficient cattle guard.* In an action for stock killed on the right of way of a railway company, where it was charged that defendant did not maintain a suitable and sufficient cattle guard, evidence *held* to show the cattle guard was not such as contemplated by statute, where the only defense was that it was of standard construction and was of the same kind used by other railroads, and plaintiff's evidence showed that stock had passed over it on numerous occasions.

2. RAILROADS, § 298*—*sufficiency of cattle guards.* The statute's requirements with reference to sufficiency of cattle guards cannot be amended by general usage or custom among railroads.

3. APPEAL AND ERROR, § 1522*—*when return of two verdicts not prejudicial.* The fact that the jury rendered two verdicts, one for damages and the other fixing the amount of attorney's fees, *held* not prejudicial error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.